Nicholas Ranallo, Attorney at Law
5058 57th Ave. S.
Seattle, WA 98118
nick@ranallolawoffice.com
(831) 533-5073
Attorney for Plaintiff Hailo Technologies, LLC

Todd Brandt (*Pro Hac Vice* Pending)
TX State Bar 24027051
Brandt Law Firm
222 N. Fredonia Street
Longview, TX 75601
Tel: 903 753 6760
tbrandt@thebrandtlawfirm.com
Attorney for Plaintiff Hailo Technologies, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| HAILO TECHNOLOGIES, LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>**ANKER INNOVATIONS LIMITED,**<br><br>**Defendant.** | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 6,407,698**

Plaintiff Hailo Technologies, LLC ("Plaintiff"), by and through its undersigned counsel, for its complaint for patent infringement against Anker Innovations Limited

("Defendant"), makes the following allegations. These allegations are made upon information and belief.

## NATURE OF THE ACTION

1. This is an action against Defendant for infringement of one or more claims of United States Patent No. 6,407,698 ("the '698 Patent").

## THE PARTIES

2. Plaintiff is a limited liability company organized under the laws of the state of California and has an office and principal place of business at California limited liability company with its principal office located in California, at 35 Hugus Alley, Suite 210, Pasadena, CA 91103.

3. Defendant Anker Innovations Limited is organized under the laws of Hong Kong having a principal place of business at Room 1318-19, Hollywood Plaza, 610 Natahan Road, Mongkok, Kowloon, Hong Kong SAR, Peoples Republic of China. Mr. Yang is the founder of Anker Innovations Limited and is the company's Director. Anker Innovations Limited also has an office and established place of business at 400 108th Avenue NE, Suite 400, Bellevue, Washington 98004.

4. Anker Innovations Limited exercises substantial control over its subsidiaries' functions, employees and decision-making processes.  Anker Innovations Limited

directed, controlled and/or encouraged its subsidiaries to engage in the conduct that is the subject of this Complaint.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction over the Defendant because, *inter alia*, it has an established place of business in the state and in the district, regularly conducts business in the state of Washington and in the district, and continues to commit acts of patent infringement in the state of Washington including by making, using, offering to sell, and/or selling, and/or importing, smart car chargers and software applications including without limitation, the Roav SmartCharge Car Kit F2, which infringes at least one claim of the '698 Patent (hereinafter "Accused Products"), over the internet throughout the United States, including sales targeted at the state of Washington, thereby purposefully availing itself of the benefits of the state.

7.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## FACTUAL BACKGROUND
## THE '698 PATENT

8.  Plaintiff is the owner, by assignment, of the '698 Patent", entitled "Parked Vehicle Locator," which was duly and legally issued on June 18th 2002 by the United States Patent and Trademark Office ("USPTO"). A copy of the '698 Patent is attached to this Complaint as **Exhibit A.**

## THE ACCUSED PRODUCTS

9.  Defendant markets an Accused Product known as the Roav SmartCharge Car Kit F2, which is marketed at https://goroav.com/collections/car-charger/products/smartcharge-carkit-f2. A claim chart for the Accused Product is attached as **Exhibit B**.

## COUNT I: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(b)

10. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 9 of this Complaint as if fully set forth herein.

11. All of the claims of the '698 Patent are valid and enforceable.

12. Defendant has imported, offered to sell and provide, has sold and provided, and continues to offer to sell and provide, the Accused Products in the United States and in this District that literally infringes at least one claim of the '698 patent thus actively inducing infringement.

13. Defendant has imported, offered to sell and provide, has sold and provided, and continues to offer to sell and provide, the Accused Products in the United States and in this District that infringes at least one claim of the '698 Patent under the doctrine of equivalents thus actively inducing infringement.

14. Anker has been on notice of the '698 Patent since as early as January, 26, 2018.

15. As a direct and proximate result of Defendant's infringement of the '698 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or reasonable royalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

    A.    An award of damages in an amount to be determined at trial, but not less than a reasonable royalty and/or Plaintiff's lost profits as a result of Defendant's infringing actions;

    B.    A trebling, pursuant to 35 U.S.C. § 284, of any and all damages awarded for Defendant's infringement of the '698 Patent;

    C.    An award of interest and costs; and

    D.    For such other and further relief, as may be just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Dated May 17, 2019                    Respectfully submitted

/s/  Nicholas Ranallo
Nicholas Ranallo, Attorney at Law
5058 57th Ave. South
Seattle WA, 98118
nick@ranallolawoffice.com
(831) 607-9229

Todd Brandt (*Pro Hac Vice* Pending)
TX State Bar 24027051
Brandt Law Firm
222 N. Fredonia Street
Longview, TX 75601
Tel: 903 753 6760
tbrandt@thebrandtlawfirm.com

*Attorney for Plaintiff*
*Hailo Technologies, LLC*